UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

BRIDGEWATER ASSOCIATES, LP;
BRIDGEWATER ASSOCIATES
HOLDINGS, LLC; MICHAEL MCGAVICK;
AND MARGO COOK,

                         *Petitioners*,

          v.

PAUL ROSS,

                         *Respondent.*

Case No. 3:24-cv-00398-RNC

---

## DECLARATION OF PATRICK W. SHEA

I, Patrick W. Shea, declare as follows:

1.     I am a Partner at Paul Hastings LLP, counsel for Petitioners in this action.

2.     I submit this Declaration in support of Petitioners' Motion to Consolidate Related Cases.

3.     Attached hereto as **Exhibits 1 through 6** are true and correct copies of pleadings filed in *Bridgewater Associates, LP et al. v. Gardner*, Case No. 3:24-cv-00399-VDO (D. Conn.), specifically:

    a.  Complaint (ECF No. 1) (**Exhibit 1**);

    b.  Civil Cover Sheet (ECF No. 1-1) (**Exhibit 2**)

    c.  Motion to Compel Arbitration and Stay Proceedings (ECF No. 4) (**Exhibit 3**);

    d.  Memorandum of Law in Support of Motion to Compel Arbitration and Stay Proceedings (ECF No. 4-1) (**Exhibit 4**);

LEGAL_US_E # 177549905.1

    e.   Declaration of Gregory McVeigh with accompanying exhibit (ECF No. 4-2) (**Exhibit 5**); and

    f.   Declaration of Patrick W. Shea (ECF No. 4-3) (**Exhibit 6**).

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: March 26, 2024

PAUL HASTINGS LLP

Patrick W. Shea
patrickshea@paulhastings.com
200 Park Avenue
New York, NY 10166
(212) 318-6000

*Counsel for Petitioners*

LEGAL_US_E # 177549905.1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGEWATER ASSOCIATES, LP;
BRIDGEWATER ASSOCIATES
HOLDINGS, LLC,

*Petitioners*,

Case No. 3:24-cv-00399

v.

**COMPLAINT**

JEFFREY GARDNER,

*Respondent.*

Petitioners Bridgewater Associates, LP ("Bridgewater") and Bridgewater Associates Holdings, LLC ("BAH") (collectively, "Petitioners"), for their Complaint against Respondent Jeffrey Gardner ("Gardner"), hereby state and allege as follows:

### NATURE OF THE ACTION

1.      This is an action for equitable relief arising out of Gardner's refusal to comply with the terms of a pre-dispute arbitration agreement the parties entered into in connection with Gardner's employment with Bridgewater.

### JURISDICTION AND VENUE

2.      The Federal Arbitration Act ("FAA") permits a party to a written arbitration agreement to petition any U.S. district court that, in the absence of the agreement, would have subject matter jurisdiction to hear the dispute for an order compelling arbitration. 9 U.S.C. § 4.

3.      Gardner and Bridgewater are parties to a written arbitration agreement.

4.      Gardner breached that arbitration agreement by initiating a proceeding in Connecticut Superior Court (the "State Court Proceeding"), asserting arbitrable claims arising under the laws of the United States (specifically, Title VII of the Civil Rights Act of 1964 ("Title

1

VII"), the Age Discrimination in Employment Act of 1967 ("ADEA")), and Connecticut state law claims; and seeking declaratory and injunctive relief relating to deferred compensation and other matters concerning his employment or termination therefrom.

5.      Petitioners responded by commencing an arbitration against Gardner seeking, *inter alia*, a declaratory judgment that they had no liability to Gardner under any of these federal or state statutes, or common law.

6.      Absent an arbitration agreement, this Court would have subject matter jurisdiction of the federal claims asserted in the State Court Proceeding and in the arbitration. Therefore, this Complaint seeking to compel arbitration of the federal claims is jurisdictionally proper. 9 U.S.C. § 4; *see also* 28 U.S.C. § 1331 ("district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States.")

7.      Furthermore, because this Court would have supplemental jurisdiction of the Connecticut state law and common law claims, which "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," this Complaint seeking to compel arbitration of the Connecticut state law and common law claims is jurisdictionally proper as well. 28 U.S.C. § 1367(a).

8.      Bridgewater has its principal place of business in Fairfield County, Connecticut.

9.      BAH, Bridgewater's ultimate parent company, has its principal place of business in Fairfield County, Connecticut.

10.      Gardner is a resident of Fairfield County, Connecticut.

11.      Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Petitioners' claims occurred in this district.

# FACTS

12.     On January 26, 2021, Gardner executed an amended employment agreement with Bridgewater for a senior manager role in Bridgewater's Client Service department (the "Agreement"). (*See* Declaration of Gregory McVeigh ("McVeigh Decl.") Exh. 1.)[1]

13.     The Agreement sets forth a simple but mandatory dispute resolution process applicable to "all claims [Gardner] may have against Bridgewater (including any of its past, present and future managers and employees in both their individual and official capacities)." (*Id.*)

14.     *First*, Gardner must "submit all claims [he] may have against Bridgewater . . . to non-binding mediation." (*Id.* at 9.)

15.     *Then*, if the claims remain unresolved following mediation, Gardner must "submit all such claims to binding arbitration on an individual basis under the rules of the American Arbitration Association ('AAA') applicable to the dispute in question. . . ." (*Id.*)

16.     The Agreement's arbitration provision broadly covers all claims Gardner may have against Petitioners or their managers or employees, "includ[ing], without limitation, all employment-related matters (such as discrimination or other statutory claims under federal, state or local law)," with limited exceptions for non-arbitrable claims for "workers' compensation and unemployment benefits or any other claim that by statute or regulation may not be made subject to a pre-dispute arbitration agreement." (*Id.*)

17.     Gardner was aware that he was giving up his right to litigate in court by signing the Agreement.

---

[1] Filed concurrently herewith, and in support of Petitioners' Motion to Compel Arbitration and Stay Proceedings.

18.     The Agreement contains an acknowledgment clause, whereby Gardner "warrant[ed] that [he] ha[d] read this agreement, ha[d] consulted with [his] own advisors (if [he] so chose) regarding its terms, and [was] fully aware of its content and legal effect." (*Id*. at 10.)

19.     Directly underneath Gardner's signature, in all caps, the following instruction appears: "PLEASE READ THIS AGREEMENT AND ITS ATTACHMENTS CAREFULLY. NOTE THAT IT CONTAINS AN AGREEMENT TO ARBITRATE CLAIMS AND A WAIVER OF THE RIGHT TO A JURY TRIAL." (*Id*. at 11.)

20.     On March 2, 2023, Gardner (through counsel) complained to Bridgewater of age discrimination, retaliation, and constructive discharge. (Declaration of Patrick W. Shea ("Shea Decl."), ¶ 5.)[2]

21.     On May 25, 2023, Gardner (again through counsel) complained to Bridgewater of sex discrimination. (*Id*., ¶ 6.)

22.     The parties held a mediation in December 2023, but efforts to resolve the dispute were ultimately unsuccessful. (*Id*., ¶ 7.)

23.     Per the dispute resolution process in the Agreement, Petitioners expected to then proceed to arbitration. (*See* McVeigh Decl., Exh. 1.)

24.     On February 21, 2024, in contravention of his agreement to arbitrate all claims he may have against Petitioners, Gardner filed a Petition for Bill of Discovery ("Bill of Discovery") in Connecticut Superior Court, articulating claims against Petitioners for sex discrimination under Title VII and the Connecticut Fair Employment Practices Act ("CFEPA"), age discrimination

---

[2] Filed concurrently herewith, and in support of Petitioners' Motion to Compel Arbitration and Stay Proceedings.

under the ADEA and CFEPA, unspecified retaliation claims, and seeking declaratory judgment with respect to deferred compensation payments, and injunctive relief. (Shea Decl., ¶ 8.)

25.     In the Bill of Discovery, Gardner describes these claims at length, and seeks discovery of documents and information outside the arbitral forum to which he agreed. (*Id.*)

26.     By initiating the State Court Proceeding, Gardner demonstrated (and conveyed to Petitioners) his breach of the Agreement by refusing to arbitrate all claims asserted therein.

27.     All of the claims asserted against Petitioners in the Bill of Discovery fall within the scope of the Agreement's broad arbitration provision. (*See* McVeigh Decl., Exh. 1.)

28.     On March 13, 2024, Petitioners commenced an arbitration against Gardner with the American Arbitration Association ("AAA") seeking a declaratory judgment that they have no liability to him under any of the federal or state laws listed above. (Shea Decl., ¶ 9.)

29.     On March 15, 2024, Counsel for Petitioners requested that Gardner confirm, by 12:00pm ET on Monday, March 18, 2024, whether he would dismiss the State Court Proceeding and agree to proceed in arbitration. (Shea Decl., ¶ 10.)

30.     On Monday, March 18, 2024, Gardner (through counsel) refused to withdraw the Bill of Discovery in the State Court Proceeding unless Petitioners would stipulate to provide the documents and information Gardner requested in the filing. (*Id.*, ¶ 11.)

31.     That same day, Petitioners (through counsel) responded that they would not so stipulate, but that the parties could discuss and agree on the proper scope of discovery in arbitration after an arbitrator is selected and a protective order is in place. (*Id.*, ¶ 12.)

32. In response, Gardner (through counsel) stated his intent to proceed with the Bill of Discovery in the State Court Proceeding. (*Id.*, ¶ 13.)

## COUNT I

### Petition to Compel Arbitration Pursuant to 9 U.S.C. § 4

33.     Petitioners incorporate the allegations set forth in Paragraphs 1 through 32 above as if fully set forth herein.

34.     The Agreement involves interstate commerce and is governed by the FAA.

35.     The Agreement is valid, irrevocable, and enforceable under the FAA. *See* 9 U.S.C. § 2.

36.     Petitioners are aggrieved by Gardner's refusal to arbitrate.

37.     Petitioners are entitled to an Order compelling Gardner to arbitration pursuant to Section 4 of the FAA. 9 U.S.C. § 4.

38.     Service of this Complaint serves as notice to Gardner that Petitioners are petitioning the Court for such an Order.

39.     Pursuant to Section 4 of the FAA, no sooner than five days after service of this Complaint, Petitioners pray for a hearing to determine the matter.

40.     Petitioners pray for an Order directing Gardner to arbitrate all claims he asserts against Petitioners in the State Court Proceeding, in accordance with the Agreement.

## COUNT II

### Petition for Preliminary Injunction Pending Arbitration

41.     Petitioners incorporate the allegations set forth in Paragraphs 1 through 40 above as if fully set forth herein.

42.     An Order prohibiting Gardner from litigating his claims in the State Court Proceeding is necessary to effectuate this Court's Order compelling the parties to arbitration.

43.     Without an injunction, Petitioners will be irreparably harmed.

6

44.     Despite the parties' valid and enforceable Agreement, Petitioners will be subjected to the burdens and costs of civil litigation, which are not applicable to arbitration proceedings and for which Petitioners will have no remedy.

45.     There is little likelihood of harm to Gardner should a preliminary injunction be issued.

46.     Gardner has been on notice of his obligation to arbitrate since 2021 when he accepted the Agreement.

47.     Thus, Gardner is aware that his claims must proceed through arbitration pursuant to the Agreement, and he may pursue a remedy for his claims through arbitration.

48.     There is a substantial likelihood that Petitioners will prevail on the merits of this action.

49.     The Agreement reflects an offer, acceptance, and consideration, and is therefore valid and enforceable under Connecticut law and the FAA, and the claims Gardner asserts in the State Court Proceeding fall within the scope of the Agreement.

50.     Furthermore, if this Court decides Gardner's claims are subject to arbitration without enjoining the State Court Proceeding, the parties will be forced to re-litigate that determination in the State Court Proceeding.

51.     The public interest would be served in granting a preliminary injunction because it will promote the rapid and unobstructed enforcement of an agreement between parties, would prevent unnecessary waste of judicial resources, and would allow Gardner to pursue his claims in arbitration.

52.     Petitioners pray for a preliminary injunction prohibiting Gardner from pursuing the State Court Proceeding while the parties arbitrate their claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioners pray the Court grant the following relief:

A.      For a hearing on this matter;

B.      For an Order compelling the arbitration of all of the claims Gardner asserts against

Petitioners in the State Court Proceeding;

C.      For an injunction prohibiting Gardner from pursuing the State Court Proceeding

while the parties arbitrate; and

D.      For such other relief as the Court deems just and proper.

Dated: March 20, 2024                    PAUL HASTINGS LLP


Patrick W. Shea
patrickshea@paulhastings.com
Sara B. Tomezsko (*pro hac vice application
filed herewith*)
saratomezsko@paulhastings.com
200 Park Avenue
New York, NY 10166
(212) 318-6000

*Counsel for Petitioners*

# EXHIBIT 2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Bridgewater Associates, LP; and Bridgewater Associates Holdings, LLC

**DEFENDANTS**

Jeffrey Gardner

**(b)** County of Residence of First Listed Plaintiff  Fairfield County, CT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Fairfield County, CT
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Patrick W. Shea (Paul Hastings LLP)
200 Park Avenue, New York, NY 10166, (212) 318-6000

Attorneys *(If Known)*

Brendan J. O'Rourke (O'Rourke & Associates LLC)
205 Main Street, New Canaan, CT 06840, (203) 425-7660

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
9 U.S.C. § 4

Brief description of cause:
Petitioners (Plaintiffs) seek to compel arbitration of claims Respondent (Defendant) asserts against them.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER 3:24-cv-00398

DATE
Mar 20, 2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

BRIDGEWATER ASSOCIATES, LP;
BRIDGEWATER ASSOCIATES
HOLDINGS, LLC,

                       *Petitioners*,

    v.

JEFFREY GARDNER,

                       *Respondent.*

Case No.:  3:24-cv-00399

**ORAL ARGUMENT
REQUESTED**

---

## NOTICE OF MOTION TO COMPEL ARBITRATION
## AND STAY PROCEEDINGS

Pursuant to 9 U.S.C. § 4, Petitioners Bridgewater Associates, LP and Bridgewater Associates Holdings, LLC (collectively, "Petitioners") hereby move this Court to compel arbitration of all claims that Respondent Jeffrey Gardner asserts against Petitioners in the Connecticut Superior Court (the "State Court Proceeding"), for the reasons set forth in the enclosed Memorandum of Law, Declaration of Patrick W. Shea, and Declaration of Gregory McVeigh with accompanying exhibit.

WHEREFORE, Petitioners request that this Court enter an order compelling Respondent to arbitrate all of his claims against Petitioners and stay the State Court Proceeding matter pending the completion of arbitration.

Dated: March 20, 2024

PAUL HASTINGS LLP

*[signature]*

Patrick W. Shea
patrickshea@paulhastings.com
Sara B. Tomezsko (*pro hac vice application filed herewith*)
saratomezsko@paulhastings.com
200 Park Avenue

ORAL ARGUMENT REQUESTED

New York, NY 10166
(212) 318-6000

*Counsel for Petitioners*

# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

BRIDGEWATER ASSOCIATES, LP;
BRIDGEWATER ASSOCIATES                          Case No.    3:24-cv-00399
HOLDINGS, LLC,
                    *Petitioners*,

            v.

JEFFREY GARDNER,

                    *Respondent.*

---

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS' MOTION
TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

## I.     INTRODUCTION

Respondent Jeffrey Gardner initiated a proceeding against Bridgewater Associates, LP and Bridgewater Associates Holdings, LLC (collectively, "Bridgewater" or "Petitioners") in Connecticut Superior Court, violating his agreement to arbitrate the claims asserted in that proceeding. In response, Bridgewater has commenced an arbitration seeking a declaratory judgment that it has no liability to Gardner. This Court should compel Gardner to pursue his claims in that arbitration and stay Gardner's state court proceedings until arbitration is complete.

## II.    FACTUAL BACKGROUND

On January 26, 2021, Gardner executed an amended employment agreement with Bridgewater (the "Agreement"). (*See* Declaration of Gregory McVeigh ("McVeigh Decl."), Exh. 1.) The Agreement sets forth a simple but mandatory dispute resolution process applicable to "all claims [Gardner] may have against Bridgewater (including any of its past, present and future managers and employees in both their individual and official capacities)." (*Id.* at 9.) *First*, Gardner must "submit all claims [he] may have against Bridgewater . . . to non-binding mediation." (*Id.*) *Then*, if the claims remain unresolved following mediation, Gardner must "submit all such claims to binding arbitration on an individual basis under the rules of the American Arbitration Association ('AAA') applicable to the dispute in question. . . ." (*Id.*)

The Agreement's arbitration provision broadly covers all claims Gardner may have against Bridgewater or its managers and employees, "includ[ing], without limitation, all employment-related matters (such as discrimination or other statutory claims under federal, state or local law)," with limited exceptions for non-arbitrable claims for "workers' compensation and unemployment benefits or any other claim that by statute or regulation may not be made subject to a pre-dispute arbitration agreement." (*Id.*)

Gardner was aware that he was giving up his right to litigate in court by signing the Agreement. It contains an acknowledgment clause, whereby Gardner "warrant[ed] that [he] ha[d] read this agreement, ha[d] consulted with [his] own advisors (if [he] so chose) regarding its terms and [was] fully aware of its content and legal effect." (*Id*. at 10.) Directly underneath his signature, in all caps, the following instruction appears: "PLEASE READ THIS AGREEMENT AND ITS ATTACHMENTS CAREFULLY. NOTE THAT IT CONTAINS AN AGREEMENT TO ARBITRATE CLAIMS AND A WAIVER OF THE RIGHT TO A JURY TRIAL." (*Id*. at 11.)

On March 2, 2023, Gardner (through counsel) complained to Bridgewater of age discrimination, retaliation, and constructive discharge. (Declaration of Patrick W. Shea ("Shea Decl."), ¶ 5.) On May 25, 2023, Gardner (again through counsel) complained to Bridgewater of sex discrimination. (*Id*., ¶ 6.) The parties held a mediation in December 2023, but efforts to resolve the dispute were ultimately unsuccessful. (*Id*., ¶ 7.) Per the dispute resolution process in the Agreement, Bridgewater expected to then proceed to arbitration. (*See* McVeigh Decl., Exh. 1.)

But, Gardner flouted the Agreement. On February 21, 2024, in contravention of his agreement to arbitrate all claims he may have against Petitioners, Gardner filed a Petition for Bill of Discovery ("Bill of Discovery") in Connecticut Superior Court, articulating claims against Petitioners for sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Connecticut Fair Employment Practices Act ("CFEPA"); age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") and CFEPA; unspecified retaliation claims; and seeking declaratory judgment with respect to deferred compensation payments, and injunctive relief. (Shea Decl., ¶ 8.) In the Bill of Discovery, Gardner describes these claims at length, and seeks discovery of documents and information outside the arbitral forum to which he agreed. (*Id*.)

On March 13, 2024, Petitioners commenced an arbitration against Gardner seeking a declaratory judgment that they have no liability to him under any of the federal or state laws listed above. (*Id.*, ¶ 9.) On March 15, 2024, Counsel for Petitioners requested that Gardner confirm, by 12:00pm ET on Monday, March 18, 2024, whether he would dismiss the State Court Proceeding and agree to proceed in arbitration. (*Id.*, ¶ 10.) On Monday, March 18, 2024, Gardner (through counsel) refused to withdraw the Bill of Discovery in the State Court Proceeding unless Petitioners would stipulate to provide the documents and information Gardner requested in the filing. (*Id.*, ¶ 11.) That same day, Petitioners (through counsel) responded that they would not so stipulate, but that the parties could discuss and agree on the proper scope of discovery in arbitration after an arbitrator is selected and a protective order is in place. (*Id.*, ¶ 12.) In response, Gardner (through counsel) stated his intent to proceed with the Bill of Discovery in the State Court Proceeding. (*Id.*, ¶ 13.)

## III.   THIS COURT SHOULD COMPEL GARDNER'S CLAIMS TO ARBITRATION

The Agreement is enforceable and covers the claims Gardner asserts against Petitioners. Moreover, the question of arbitrability is one for the AAA arbitrator, not a court. This Court should therefore compel arbitration of Gardner's claims and stay the State Court Proceeding pending completion of arbitration.

### A.   The Federal Arbitration Act requires enforcement of arbitration agreements according to their terms.

The Federal Arbitration Act ("FAA") codifies the "liberal federal policy favoring arbitration agreements." *Medeiros v. Point Pickup Techs., Inc.*, No. 21-cv-1056, 2023 WL 3022324, at *7 (D. Conn. Apr. 20, 2023) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)). As the Second Circuit Court of Appeals has explained, "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy we have often and

emphatically applied." *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006) (citation omitted). Indeed, the FAA's "*primary purpose* is to ensure that private agreements to arbitrate are enforced according to their terms." *Doctor's Assocs., LLC v. Reino*, No. 22-cv-786, 2023 WL 2687529, at *5 (D. Conn. Mar. 28, 2023) (citation omitted) (emphasis added).

To that end, a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition" a district court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.[1] When presented with such a petition, this Court must resolve two questions: "(1) whether the parties agreed to arbitrate, and if so, (2) whether the scope of that agreement encompasses the claims at issue." *Byrne v. Charter Commc'ns, Inc.*, 581 F. Supp. 3d 409, 414 (D. Conn. 2022) (citation omitted).

Here, the parties formed a valid agreement to arbitrate, and Gardner's claims against Petitioners fall squarely within its scope. The FAA therefore requires that Gardner's claims be compelled to arbitration.

## B. A valid arbitration agreement exists.

Whether the parties have agreed to arbitrate "is determined by state contract law principles." *Errato v. Am. Express Co.*, No. 18-cv-1634, 2019 WL 3997010, at *6 (D. Conn. Aug. 23, 2019) (citation omitted). Connecticut law governs the Agreement. (*See* McVeigh Decl., Exh. 1 at 9.)

---

[1] The FAA applies to contracts in the employment context, with only limited exceptions for transportation workers. *See Bissonette v. Lepage Bakeries Park St., LLC*, 460 F. Supp. 3d 191, 198–99 (D. Conn. 2020). There is no question the FAA governs here, because when Gardner agreed to be bound by the Agreement, he was a senior manager in Bridgewater's Client Service department. (*See* Shea Decl., ¶ 4.)

In Connecticut, a contract is formed through an offer, acceptance of that offer, and consideration. *See Errato*, 2019 WL 3997010, at *8; *Rowe v. Affordable Motors, Inc.*, No. 17-cv-1592, 2018 WL 6258606, at *3 (D. Conn. Nov. 30, 2018) (citing *Bridgeport Pipe Eng'g Co. v. DeMatteo Constr. Co.*, 159 Conn. 242, 246 (1970)); *Doctor's Assocs., Inc. v. Alemayehu*, 934 F.3d 245, 252 (2d Cir. 2019) (consideration is a necessary element of contract formation under Connecticut law).

Gardner's agreement to arbitrate satisfies all of the required elements of an enforceable contract. Bridgewater offered Gardner the Agreement, which contains an arbitration clause. (*See* McVeigh Decl., Exh. 1.) Gardner accepted the offer by signing it. (*Id*.) "In Connecticut, the fact that a party signed a written agreement is usually conclusive evidence of contract formation." *D'Antuono v. Serv. Rd. Corp.*, 789 F. Supp. 308, 323 (D. Conn. 2011) (compelling arbitration of employment claims). Indeed, Connecticut courts routinely compel arbitration where, as here, the offeree signed a written agreement to arbitrate. *See, e.g.*, *Rowe*, 2018 WL 6258606, at *4 ("Plaintiffs admit that they signed the Contract and therefore agreed to be bound by its terms, including the agreement to arbitrate"); *Morales v. Rent-A-Ctr., Inc.*, 306 F. Supp. 2d 175, 181 (D. Conn. 2003) (compelling arbitration under Connecticut law, because "Plaintiff actually signed the arbitration agreement at issue, which serves as presumptive evidence that an agreement was formed").

The Agreement is also supported by adequate consideration. In the Agreement, Bridgewater offered Gardner continued at-will employment, among other things. That is legally sufficient consideration to form a binding agreement to arbitrate under Connecticut law. *See, e.g.*, *Capone v. Elec. Boat Corp.*, No. 06-cv-1249, 2007 WL 1520112, at *6 (D. Conn. May 18, 2007) (employee was bound by arbitration agreement under Connecticut law, because he "continued to

report to work after receiving notice of and reading the terms of the [agreement]"); *Murphy v. Glencore Ltd.*, No. 18-cv-1027, 2019 WL 549139, at *5 (D. Conn. Feb. 11, 2019) (under Connecticut law, continued employment "during the time that [plaintiff's] claims arose provides another source of consideration) (collecting cases).

All three elements of a valid contract are present here: offer, acceptance, and consideration. The Agreement is therefore valid and enforceable under Connecticut law.

### C.     Gardner's claims fall squarely within the Agreement's scope.

"[T]he existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if it may be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Reale v. Match Grp., LLC*, No. 21-cv-1571, 2022 WL 4115660, at *7 (D. Conn. Sept. 9, 2022) (emphasis added) (internal quotation marks omitted). Thus, so long as the plaintiff's allegations even "*touch* matters covered by the [arbitration agreement], then those claims must be arbitrated, whatever the legal labels attached to them." *Id*. (citation omitted) (emphasis added). "Doubts should be resolved in favor of coverage." *Id*. (citation omitted); *Rowe*, 2018 WL 6258606, at *4 (same); *Bd. of Educ. of Town of Wallingford v. Wallingford Educ. Assoc.*, 271 Conn. 634, 639 (Conn. 2004) (same).

With the exception of non-arbitrable claims Gardner does not assert, the Agreement broadly covers "*all* claims [Gardner] may have against Bridgewater (including any of its past, present and future managers and employees in both their individual and official capacities)," including "without limitation, all employment-related matters (such as discrimination or other statutory claims under federal, state or local law) . . . ." (McVeigh Decl., Exh. 1 at 9 (emphasis

added).)[2] All of Gardner's claims concerning matters related to his employment and termination therefrom are therefore arbitrable. *See Ferguson v. United Health Care*, No. 08-cv-1389, 2008 WL 5246145, at *1 (D. Conn. Dec. 17, 2008) (granting motion to compel Title VII and ADEA claims to arbitration, where arbitration agreement covered all "employment related disputes"); *Murphy v. Glencore Ltd.*, No. 18-cv-1027, 2019 WL 549139, at *1 (D. Conn. Feb. 11, 2019) (granting motion to compel CFEPA claims to arbitration, where arbitration agreement covered "any dispute" between plaintiff and her employer); *Home Life Ins. Co. v. Kaufman*, 547 F. Supp. 833, 836, 834 n.2 (S.D.N.Y. 1982) (compelling arbitration "upon a proper filing of a demand for arbitration" of claim for deferred compensation, where arbitration clause covered "any controversy" between the parties).

Because the Agreement covers all claims Gardner asserts against Petitioners, he must arbitrate those claims.

### D. The Agreement delegates the question of arbitrability to the Arbitrator.

Though Gardner's claims are squarely arbitrable, this Court need not even reach this question, because the parties have delegated it to the Arbitrator. The Second Circuit "has recognized that when 'the parties clearly and unmistakably delegated questions of arbitrability to the arbitrator,' the question is delegated to the arbitrator and not the courts." *Reale*, 2022 WL 4115660, at *7 (acknowledging delegation of arbitrability question to arbitrator and granting motion to compel arbitration). Where parties "incorporate[] by reference arbitration rules" that "delegate[] arbitrability determinations to the arbitrator," it is "clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Doctor's Assocs., Inc. v. Tripathi*, No.

---

[2] None of the claims asserted by Gardner fall within the Agreement's narrow exceptions for workers' compensation claims, claims for unemployment benefits, or those that per regulation or statute may not be subject to a pre-dispute arbitration agreement. (McVeigh Decl., Exh. 1 at 9.)

16-cv-562, 2016 WL 7634464, at *17 (D. Conn. Nov. 3, 2016) (citation omitted), *adopted*, 2016 WL 7406725 (D. Conn. Dec. 2, 2016), *aff'd sub nom. Doctor's Assocs., LLC v. Tripathi*, 794 F. App'x 91 (2d Cir. 2019).

In this case, Gardner agreed "to submit [his] claims to binding arbitration on an individual basis under the rules of the American Arbitration Association ('AAA') applicable to the dispute in question." (McVeigh Decl., Exh. 1 at 9.) Rule 6(a) of the AAA Employment Arbitration and Mediation Procedures provides that the arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."[3] *See Tripathi*, 2016 WL 7634464, at *19 n.16 ("The [AAA] rules to which the Arbitration Clause refer are readily available on the internet and are rules of uniform application").

Accordingly, if there is any doubt as to whether the Agreement covers Gardner's claims (and there should not be), that question is one the Arbitrator—not the Court—is authorized to answer. This Court should therefore compel Gardner's claims to arbitration, including (if necessary) the gateway question of whether his claims are arbitrable.

## IV.   THIS COURT SHOULD STAY THE RELATED PROCEEDINGS

Under the FAA, this Court must stay proceedings if it is satisfied that the parties have a valid contract to arbitrate. *ICC Chem. Corp. v. Vitol, Inc.*, 425 F. App'x 57, 58 (2d Cir. 2011) ("The FAA leaves no discretion with the district court in the matter"). This mandate extends to pending state court proceedings. *See Emilio v. Spring Spectrum, L.P.*, 315 F. App'x 322, 325 (2d Cir. 2009) (stay of state court action was necessary "to protect or effectuate the federal court's" order

---

[3] Available at https://www.adr.org/sites/default/files/Employment_Rules_Web.pdf (last accessed March 20, 2024).

compelling arbitration). "Were it otherwise," an order compelling arbitration "would be rendered meaningless, since a petitioner would have no choice but to litigate arbitrable claims in a pending action or risk default." *Reliance Nat'l Ins. Co. v. Seismic Risk Ins. Servs., Inc.*, 962 F. Supp. 385, 390 (S.D.N.Y. 1997) (compelling arbitration and enjoining state court proceedings). This Court should therefore stay the proceedings Gardner initiated in Connecticut Superior Court by filing the Bill of Discovery.

## V.   CONCLUSION

The parties have a valid and enforceable arbitration agreement. The scope of the arbitration provision is broad, and Gardner asserts claims squarely covered by that agreement. A stay of the pending State Court Proceedings is appropriate and required to effectuate the parties' contractual bargain. This Court should therefore compel arbitration and stay the related State Court Proceedings pending completion of arbitration.

Dated: March 20, 2024                                    PAUL HASTINGS LLP

Patrick W. Shea
patrickshea@paulhastings.com
Sara B. Tomezsko (*pro hac vice application filed herewith*)
saratomezsko@paulhastings.com
200 Park Avenue
New York, NY 10166
(212) 318-6000

*Counsel for Petitioners*

# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGEWATER ASSOCIATES, LP AND
BRIDGEWATER ASSOCIATES
HOLDINGS, LLC

            *Petitioners*,

      v.

JEFFREY GARDNER,

            *Defendant.*

Case No. 3:24-cv-00399

## DECLARATION OF GREGORY MCVEIGH IN SUPPORT OF
## PETITIONERS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

COMES NOW Gregory McVeigh and pursuant to 28 U.SC. § 1746 declares as follows:

1.      I am a citizen of the United States, over the age of 18, and competent to testify as to the matters contained in this Declaration.

2.      I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based upon information from business records of Bridgewater Associates, LP ("Bridgewater") in my custody and control.

3.      I am employed by Bridgewater as a Senior Contract Associate. I have held this title at Bridgewater since approximately October 1, 2014. As a Senior Contract Associate, my job responsibilities include preparing employment agreements for employees, submitting such agreements to Bridgewater employees for review and execution, executing such agreements on behalf of Bridgewater, and maintaining copies of employees' executed employment agreements in the ordinary course of business.

4.      Jeffrey Gardner, a former employee of Bridgewater, is party to a confidential at-will employment agreement with Bridgewater, executed on January 26, 2021 (the "Agreement").

1

5.      By virtue of my role as a Senior Contract Associate, I have access to the Agreement, which Bridgewater maintains in the ordinary course of business.

6.      Attached to this Declaration as Exhibit 1 is a true and correct copy of the relevant pages of the Agreement between Mr. Gardner and Bridgewater containing the parties' agreement to arbitrate all claims Mr. Gardner has against Bridgewater (and its past, present and future managers and employees in both their individual and official capacities), and Mr. Gardner's acceptance of the same.

**PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. I AM AWARE THAT IF ANY OF THE FOREGOING STATEMENTS MADE BY ME ARE FALSE, I AM SUBJECT TO PUNISHMENT.**

Executed this __14th__ day of March 2024 at __Westport__, Connecticut.

DocuSigned by:

*Gregory McVeigh*

C65B1BA850EE440

Gregory McVeigh

DocuSign Envelope ID: 142EF1F5-15B5-40BB-87C4-A4735E497D46

# EXHIBIT 1

employment with Bridgewater, you incorporate into any Development any intellectual and/or proprietary property that you have, alone or jointly with others, discovered, conceived, developed, authored, made or reduced to practice or caused to be discovered, conceived, developed, authored, made or reduced to practice prior to the commencement of your employment with Bridgewater ("Prior IP") or during your employment with Bridgewater but does not fall within the definition of Developments ("Other IP"), you hereby grant, agree to grant, and agree to provide all necessary documents to grant to Bridgewater, its affiliates, successors and assigns, a nonexclusive, royalty-free, irrevocable, perpetual, worldwide and unlimited license to make, have made, practice, execute, reproduce, display, transmit, distribute, perform, combine, modify, improve, use, market, sell and otherwise exploit such Developments, Prior IP and Other IP; to prepare derivative or collective works based upon or containing any such Developments, Prior IP and Other IP; to assign, transfer, re-license and sublicense for any purpose such Developments, Prior IP and Other IP (including any derivative or collective works prepared pursuant to such license); and to authorize others to do any or all of the foregoing; in each case, to the fullest extent of your rights and interests therein.

Notwithstanding the foregoing, you agree that you will in no event incorporate, or permit to be incorporated, any Prior IP or Other IP in any of Bridgewater's materials, processes, research, products, services and/or intellectual property without obtaining Bridgewater's prior and specific written consent. Please consult with Bridgewater's General Counsel if you have any questions regarding your use or ownership of Prior IP or Other IP.

## Injunctive Relief and Indemnification

You acknowledge that your breach of this agreement will result in material and substantial irreparable injury to Bridgewater for which there is no adequate remedy at law and that it will not be possible to measure damages for such injuries precisely. Accordingly, you agree that in the event of such breach or threat thereof, and without limiting the remedies available to Bridgewater (which will include money damages), Bridgewater will be entitled to obtain a temporary restraining order and/or a preliminary injunction and other equitable relief restraining you from engaging in activities prohibited by this agreement, together with such other relief as may be required to enforce any of the provisions of this agreement.

In the event you violate any of the terms of this agreement you agree to indemnify, hold harmless and reimburse Bridgewater for any and all losses, costs, fees (including, without limitation, reasonable attorneys' fees), expenses, disbursements, and damages in connection with the enforcement hereof. For purposes of clarification, your participation in the process outlined in Section 4 of Exhibit A would not obligate you to pay Bridgewater's legal fees or other expenses. Rather such obligation would apply only in the event you accepted a position and had actually begun performing services or activities that a court or other competent authority determined to be in violation of the restrictions contained herein.

## Severability, Governing Law, Mediation and Arbitration

It is the intent and understanding of each party hereto that if any term, restriction, covenant or promise (including any time periods contained in the restrictive covenants) is found to be unenforceable by a court, arbitrator, or tribunal of competent jurisdiction, then such term,

PRIVILEGED & CONFIDENTIAL

restriction, covenant or promise will be deemed modified to the minimal extent necessary to make it enforceable. If any provision of this agreement is declared void or unenforceable by a court, arbitrator, or tribunal of competent jurisdiction, all other provisions will nonetheless remain in full force and effect. This agreement will be governed by, and construed and enforced in accordance with the laws of the State of Connecticut, without regard to its conflict of laws provisions.

You agree that you will submit all claims you may have against Bridgewater (including any of its past, present and future managers and employees in both their individual and official capacities) to non-binding mediation pursuant to the procedures described in Exhibit A. If the claim remains unresolved following mediation, you agree to submit all such claims to binding arbitration on an individual basis under the rules of the American Arbitration Association ("AAA") applicable to the dispute in question, as modified by the provisions of this agreement. The claims that you agree to submit include, without limitation, all employment-related matters (such as discrimination or other statutory claims under federal, state or local law) and exclude claims for workers' compensation and unemployment benefits or any other claim that by statute or regulation may not be made subject to a pre-dispute arbitration agreement. To the maximum extent permitted by law, you hereby waive any right to bring on behalf of persons other than yourself, or to otherwise participate with other persons in: any class action; collective action; or representative action.

At its or their option Bridgewater and its past, present and future managers and employees in both their individual and official capacities may submit any claims it or they may have against you to binding arbitration as set forth above, or Bridgewater may elect to commence an action in a court of law. IN THE LATTER EVENT, ALL PARTIES KNOWINGLY, VOLUNTARILY AND IRREVOCABLY WAIVE ALL RIGHT TO A TRIAL BY JURY IN SUCH AN ACTION.

Either you or Bridgewater may initiate arbitration proceedings by filing a demand for arbitration at the New York office of the AAA. All hearings shall take place in Fairfield County, Connecticut, unless the parties mutually agree on a different venue. Where Bridgewater is a party to the arbitration, Bridgewater will be responsible for paying any filing fee and the fees and costs of the arbitrator, provided, however, that if you are the party initiating the claim, you will contribute an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the state of Connecticut. Each party shall pay in the first instance its own cost of arbitration and attorney's fees, if any. However if any party prevails on a statutory claim or a claim under a contract which, in either case, affords the prevailing party attorney's fees and costs, the arbitrator shall rule upon a motion for attorney's fees and/or costs under the same standards a court would apply under the law applicable to the claim(s) at issue.

Likewise, if the arbitrator determines that any party has acted in bad faith or has asserted claims that, if asserted in a lawsuit in federal court, would justify an award of sanctions under Rule 11 of the Federal Rules of Civil Procedure, the arbitrator may, in his or her discretion, make an award of reasonable attorneys' fees and disbursements incurred by the other party in connection with the arbitration. Except in the case of claims asserting a statutory violation, the arbitrator will have no authority to award punitive damages.

PRIVILEGED & CONFIDENTIAL

You and Bridgewater agree that all matters pertaining to the arbitration will be kept confidential including, but not limited to, the existence of the arbitration, any pleadings, briefs or other documents exchanged, any testimony or other oral submissions and/or any awards. Accordingly, you and Bridgewater agree that the foregoing will not be disclosed, except to your and Bridgewater's legal counsel, tax advisors or any other person necessary to the conduct of the arbitration, except that such information may be disclosed as required by law or by Bridgewater for legitimate business purposes.

Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof and be enforced accordingly. You hereby irrevocably waive any objection to venue (including any objection based on inconvenient or improper forum) of any action or proceeding to enforce any arbitrator's award or any other matter related to such arbitration proceeding.

The terms of this provision shall remain in effect after the end of your employment with Bridgewater.

## Waiver

The waiver by either party of a breach of any provision of this agreement will not be construed as a waiver of any subsequent breach. The failure of a party to insist on strict adherence to any provision of this agreement on one or more occasion(s) will not be considered a waiver or deprive that party of the right thereafter to insist on strict adherence to that provision or any other provision of this agreement.

## Assignment

This agreement will be binding on and will inure to the benefit of you and your heirs, assigns, executors, administrators and other legal representatives and will be binding on and will inure to the benefit of Bridgewater and its successors and assigns, including, without limitation, any corporation or other entity into which Bridgewater is merged or which acquires all or substantially all of the assets of Bridgewater. Bridgewater reserves the right to assign this agreement to its successors and assigns.

Furthermore, you agree that your obligations under this agreement apply equally to any position that you may hold with any affiliate of Bridgewater, including any investment fund or limited partnership sponsored by Bridgewater.

## Acknowledgment

You represent and warrant that you have read this agreement, have consulted with your own advisors (if you so chose) regarding its terms and are fully aware of its content and legal effect.

## Modification

With the exception of any trade secret or similar agreement signed by you during the course of your employment, this agreement (including Exhibits A and B) contains the entire

PRIVILEGED & CONFIDENTIAL

understanding of the parties regarding the subject matter hereof and may be modified only in a document signed by the parties or, in the case of department, title, manager, and/or compensation changes, as provided in writing (including by email). You acknowledge that in executing this agreement you have not relied on any oral or written representations or understandings other than those explicitly contained herein. This document supersedes any and all oral or written understandings regarding the terms of your employment with Bridgewater or any of its affiliates.

<u>At Will Employment</u>

Nothing in this agreement is intended to create a fixed term of employment at Bridgewater. Your employment is on an at will basis, meaning that Bridgewater will be free to terminate your employment at any time, with or without cause, and with or without notice, and that you will be free to resign from your employment at any time.

\* \* \*

If you accept this offer, please sign and date this agreement electronically and remit via DocuSign or, if you have opted to sign a physical copy, please physically sign and date the agreement and return to Greg McVeigh, Legal & Regulatory Group, Bridgewater Associates, LP, One Glendinning Place, Westport, Connecticut 06880 by January 22, 2021. Should you have any questions or feel that you require more time to review the document, please contact your manager or the undersigned Contract Associate.

Sincerely yours,

Bridgewater Associates, LP

_____
Gregory McVeigh
Senior Contract Associate

Accepted: _____ _____
Jeffrey Gardner

Date: _____
1/26/2021

PLEASE READ THIS AGREEMENT AND ITS ATTACHMENTS CAREFULLY. NOTE THAT IT CONTAINS AN AGREEMENT TO ARBITRATE CLAIMS AND A WAIVER OF THE RIGHT TO A JURY TRIAL.

# EXHIBIT 6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

BRIDGEWATER ASSOCIATES, LP;
BRIDGEWATER ASSOCIATES
HOLDINGS, LLC,

       *Petitioners*,

   v.

JEFFREY GARDNER,

       *Respondent.*

Case No. 3:24-cv-00399

---

### DECLARATION OF PATRICK W. SHEA

I, Patrick W. Shea, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am a Partner at Paul Hastings LLP, counsel for Petitioners Bridgewater Associates, LP ("Bridgewater"), Bridgewater Associates Holdings, LLC ("BAH") (collectively, "Petitioners").

2.  I submit this Declaration in support of Petitioners' Motion to Compel Arbitration and Stay Proceedings.

3.  I have been outside employment counsel for Bridgewater for approximately 15 years. In this role, I have personal knowledge of the members of Bridgewater's management.

4.  Jeffrey Gardner is a former senior manager in Bridgewater's Client Service department.

5.  On March 2, 2023, Gardner (through counsel) complained to Bridgewater of age discrimination, retaliation, and constructive discharge.

6.  On May 25, 2023, Gardner (again through counsel) complained to Bridgewater of sex discrimination.

1

7.      The parties held a mediation in December 2023, but efforts to resolve the dispute were ultimately unsuccessful.

8.      On February 21, 2024, in contravention of his agreement to arbitrate all claims he may have against Petitioners, Gardner filed a Petition for Bill of Discovery ("Bill of Discovery") in Connecticut Superior Court, articulating claims against Petitioners for sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Connecticut Fair Employment Practices Act ("CFEPA"); age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") and CFEPA; unspecified retaliation claims; and seeking declaratory judgment with respect to deferred compensation payments, and injunctive relief. In the Bill of Discovery, Gardner describes these claims at length, and seeks discovery of documents and information outside the arbitral forum to which he agreed. The Connecticut Superior Court proceeding is *Paul Ross and Jeffrey Gardner v. Bridgewater Associates, LP et al.*, Case No. FST-CV24-6065334-S (Judicial District of Stamford/Norwalk).

9.      On March 13, 2024, Petitioners commenced an arbitration against Gardner seeking a declaratory judgment that they have no liability to him under any of the federal or state laws listed above.

10.     On March 15, 2024, Counsel for Petitioners requested that Gardner confirm, by 12:00pm ET on Monday, March 18, 2024, whether he would dismiss the State Court Proceeding and agree to proceed in arbitration.

11.     On Monday, March 18, 2024, Mr. Gardner (through counsel) refused to withdraw the Bill of Discovery in the State Court Proceeding unless Petitioners would stipulate to provide the documents and information Mr. Gardner requested in the filing.

12.     That same day, I responded that Petitioners would not so stipulate, but that the parties could discuss and agree on the proper scope of discovery in arbitration after an arbitrator is selected and a protective order is in place.

13.     In response, Mr. Gardner (through counsel) stated his intent to proceed with the Bill of Discovery in the State Court Proceeding.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: March 20, 2024                    PAUL HASTINGS LLP

Patrick W. Shea
patrickshea@paulhastings.com
200 Park Avenue
New York, NY 10166
(212) 318-6000

*Counsel for Petitioners*

3