```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


BRIDGEWATER ASSOCIATES, LP, and   :
BRIDGEWATER ASSOCIATES            :
HOLDINGS, LLC,                    :
                                  :
     Plaintiffs,                  :
                                  :
     v.                           :    Case No. 3:24-cv-00398(RNC)
                                  :
PAUL ROSS and JEFFREY GARDNER,    :
                                  :
                                  :
     Defendants.                  :
```

## RULING AND ORDER

Bridgewater Associates, LP, and Bridgewater Associates Holdings, LLC (collectively "Bridgewater") commenced this litigation in response to a Bill of Discovery filed in state court by two of its former executives seeking discovery of information regarding Bridgewater's potential liability to them under federal and state employment laws.[1]  Bridgewater has also commenced arbitration proceedings against the executives seeking a declaration that it has no such liability to either of them. The former executives, Paul Ross and Jeffrey Gardner, have moved to dismiss the litigation on the ground that subject matter jurisdiction is lacking, and Bridgewater has moved for orders compelling arbitration.  For reasons set forth below, the

---

[1] Bridgewater originally brought two separate actions, each involving one of the former executives.  The cases were later consolidated.  See ECF 42.

motions to dismiss are denied and the motions to compel are granted.

I.

The underlying dispute arises from Bridgewater's termination of Ross's and Gardner's employment.  After the executives were discharged by Bridgewater, they filed a one-count Bill of Discovery in Connecticut Superior Court seeking court-supervised discovery to determine whether they have valid claims against Bridgewater under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Employment Retirement Income Security Act of 1974 ("ERISA"), or state law.  Bridgewater then commenced arbitration proceedings seeking declaratory judgments that it is not liable to Ross or Gardner under these laws.  Ross and Gardner declined to participate in the arbitration proceedings or withdraw their Bill of Discovery, so Bridgewater brought this litigation seeking to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq.

II.

The FAA provides that a federal district court may adjudicate a motion to compel arbitration when "save for such [arbitration] agreement, [the Court] would have jurisdiction under title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties . . .

2

." 9 U.S.C. § 4.  Accordingly, a court must "look through" the motion to compel arbitration to determine whether the underlying dispute provides an independent basis for federal subject matter jurisdiction.  See Vaden v. Discover Bank, 556 U.S. 49, 62 (2009).  Here, the underlying dispute does provide a basis for subject matter jurisdiction.  In fact, federal courts routinely exercise jurisdiction over declaratory judgment actions under federal employment statutes.  See, e.g., Ameritech Benefit Plan Comm. v. Commc'n Workers of Am., 220 F. 3d 814, 818 (7th Cir. 2000) (federal court had jurisdiction over employer's claim for declaratory judgment under Title VII); Am. Airlines, Inc. v. Cardoza-Rodriguez, 133 F. 3d 111, 115 n.1 (1st Cir. 1998) (recognizing federal jurisdiction over declaratory judgment action under ERISA).

 Ross and Gardner protest that Bridgewater's declaratory judgment claims are actually counterclaims, which categorically do not provide a basis for the exercise of federal question jurisdiction.  See Holmes Group, Inc. v. Vornado Air Circ. Syst., Inc., 535 U.S. 826, 830 (2002).  But the record shows that Bridgewater initiated the arbitrations as actions for declaratory judgment.  See ECF 36 at 6 ("This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-02 and C.G.S.A. § 52-29, and breach of

contract."). Bridgewater's claims are therefore original claims that give rise to federal subject matter jurisdiction.

### III.

Turning to the motions to compel, the Second Circuit has prescribed a two-part test to determine the arbitrability of claims: (1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement. In re Am. Exp. Financial Advisors Sec. Litigation, 672 F. 3d 113, 128 (2d Cir. 2011). "[T]here is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Tech., Inc. v. Comm. Workers of Am., 475 U.S. 643, 650 (1986) (citation omitted).

The employment contracts signed by Ross and Gardner include an agreement to arbitrate "all claims [they] may have against Bridgewater (including any of its past, present and future managers and employees in both their individual and official capacities)," including "without limitation, all employment-related matters (such as discrimination or other statutory claims under federal, state or local law) . . . ." ECF 4-2 at

4

4.[2]  The agreement therefore clearly encompasses the claims regarding whether Bridgewater subjected Ross and Gardner to discrimination on the basis of sex or age in violation of Title VII and the ADEA.

Ross and Gardner submit that the dispute also concerns their entitlement to certain equity interests, which are governed by separate agreements without comprehensive arbitration provisions.  It cannot be said with positive assurance that the arbitration agreement does not cover a dispute about the equity interests.  Rather, the equity interests appear to readily qualify as an "employment-related matter[]" covered by the arbitration agreement.

In any event, under the parties' arbitration agreement, issues of arbitrability are for the arbitrator to resolve.  The agreement requires Ross and Gardner to "submit all [their] claims to binding arbitration on an individual basis under the rules of the American Arbitration Association ('AAA') applicable to the dispute in question."  ECF 4-2 at 4.  Rule 6(a) of the AAA Employment Arbitration and Mediation Procedures provides that the arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."  And

---

[2] The agreement includes specific exceptions for non-arbitrable claims, such as claims for workers compensation.  None of the exceptions applies here.

"when, as here, parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." <u>Contec Corp. v. Remote Solution, Co., Ltd.</u>, 398 F. 3d 205, 208 (2d Cir. 2005).

IV.

Accordingly, the motions to dismiss for lack of subject matter jurisdiction are denied and the motions to compel arbitration are granted.

So ordered this 31st day of March 2025.

/RNC/
Robert N. Chatigny
United States District Judge